**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States of America v. Gian Carlo Clemente Pangilinan*
Case No. 3:19-cr-00075-TMB

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Gian Carlo Clemente Pangilinan's Motion *in Limine* (the "Motion").[1] The United States filed a Response[2] opposing the motion, no reply was permitted,[3] and the matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

In the time leading up to Pangilinan's arrest, the Anchorage Police Department ("APD") suspected Pangilinan of "Eluding, Assault, and [Misconduct Involving Weapons]," which took place on May 31, 2019; involvement in a subsequent shooting on June 6, 2019; and involvement in five other shooting incidents.[4] Additionally, prior to his arrest, Pangilinan had multiple warrants issued for his arrest for "Violating Conditions of Release and for Fail[ure] to Appear."[5] On July 9, 2019, APD was alerted that Pangilinan was identified getting into a "red Chevrolet Suburban."[6] APD followed the vehicle and arrested Pangilinan.[7] At the time of his arrest, Pangilinan allegedly possessed over 50 grams of methamphetamine.[8] He is now charged with one count of Possession of a Controlled Substance with Intent to Distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).[9]

Pangilinan now moves pursuant to Fed. R. Evid. 404(b) to request that the Court order *in limine* the United States to instruct its witnesses to limit any testimony regarding the APD's reasons for following the "red Suburban" in which Pangilinan was traveling prior to his arrest.[10] Namely, Pangilinan wishes to avoid disclosure of Pangilinan's warrants or APD's suspicions that

---

[1] Dkt. 24 (Motion).
[2] Dkt. 25 (Response in Opposition).
[3] Dkt. 17 (Order for the Progression of a Criminal Case) ("[N]o reply memoranda shall be filed with respect to any motion in this case unless specifically requested or permitted by the Magistrate Judge or District Judge.").
[4] Dkt. 24 at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Dkt. 25 at 1.
[9] Dkt. 13 (Indictment).
[10] Dkt. 24 at 1.

1

Pangilinan was involved in shootings.[11] Pangilinan argues that this evidence should be excluded as evidence of "prior bad acts" under Rule 404(b).[12]

The United States asserts that it does not intend to present any evidence that goes to the substance of Pangilinan's warrants.[13] However, the United States intends to present evidence that APD was attempting to arrest Pangilinan pursuant to multiple arrest warrants.[14] The United States argues that "[t]his information is relevant to the jury as to why [APD] sought out and contacted [Pangilinan]. . . ."[15]

Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[16] However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[17] When determining admissibility under Rule 404(b) the Ninth Circuit applies a four-factor test:

> [E]vidence of prior or subsequent criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.[18]

"If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."[19]

Here, the United States has not shown that the evidence of Pangilinan's arrest warrants overcome Rule 404(b)'s exclusion. Applying the Ninth Circuit's four-factor test, the Court holds that evidence of outstanding arrest warrants unrelated to the crime charged must be excluded. First, the existence of warrants to arrest Pangilinan does not tend to prove a material point. The United States argues that this evidence tends to prove the reasons APD contacted Pangilinan on July 9, 2019.[20] However, the reasons for APD arresting Pangilinan are not material to proving whether he

---

[11] *Id.* at 3.
[12] *Id.* at 2.
[13] Dkt. 25 at 2.
[14] *Id.*
[15] *Id.*
[16] Fed. R. Evid. 404(b).
[17] *Id.*
[18] *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).
[19] *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quoting *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)). Where a warrant is concerned, "[t]here can be no doubt of the severe prejudicial effect of a jury's improperly receiving testimony that the defendant[ ] committed, or is suspected of having committed, other crimes similar to the one with which he is charged." *United States v. Frederick*, 78 F.3d 1370, 1376 (9th Cir. 1996). However, the Ninth Circuit has found that evidence of an active warrant may be admissible where it relates to the defendant's theory of defense. *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990).
[20] Dkt. 25 at 2.

possessed controlled substances or intended to distribute them. Particularly in light of the fact that it is not disputed that Pangilinan was lawfully in APD custody when the contraband was allegedly discovered. Therefore, the first factor counsels against admitting evidence of the arrest warrants.

Second, it is unclear when any of these warrants were issued or when the underlying conduct was alleged to have occurred. Therefore, the second factor—whether the prior acts are remote in time—neither supports nor cautions admission. Third, arrest warrants are not probative evidence of guilt. Therefore, the third factor weighs against admission as the arrest warrants are not sufficient to prove Pangilinan committed the underlying prior bad acts. Fourth, the warrants were not issued for offenses similar to the one for which Pangilinan is being tried. Because three of the four factors weigh against admitting evidence of the arrest warrants, the evidence should be excluded.

Furthermore, even if evidence related to the warrants was admissible under Rule 404(b), the United States has not shown that such evidence is admissible under Rule 403. The United States has not explained how the existence of arrest warrants for unrelated crimes tends to show that Pangilinan committed the crime alleged in the Indictment. Furthermore, disclosing to the jury that Pangilinan was subject to multiple unrelated arrest warrants exposes him to substantial prejudice. Therefore, on balance, the evidence also ought to be excluded under Rule 403.[21]

Accordingly, Pangilinan's Motion *in Limine* is **GRANTED**. The United States is **HEREBY ORDERED** to refrain from eliciting testimony from its witnesses that Pangilinan was or is the subject of any arrest warrants or that he was suspected of criminal activity unrelated to the charge in the Indictment.[22] The limitation thus extends to both the existence of the warrants and the underlying arrest. As Pangilinan concedes, the United States' witnesses—without identifying Pangilinan—may testify that the one of the occupants of the "red Suburban" had an outstanding arrest warrant to explain why APD contacted the vehicle. This limitation will allow mention of the warrants only insofar as they are probative to the case as required by the Ninth Circuit.[23]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 23, 2019.

---

[21] This Order assumes that Pangilinan does not intend to challenge the legality of the circumstances surrounding his arrest. Should Pangilinan later rely on a theory of the case which would make the existence of prior arrest warrants material, the Court may reevaluate whether the warrants should be excluded. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial."); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

[22] Again, should Pangilinan pursue a theory of the case or a line of questioning, which opens the door to evidence of the warrants' existence, the United States is entitled introduce evidence relating to the warrants. *See, e.g.*, *United States v. Flett*, 379 F. Supp. 3d 1152, 1160 (E.D. Wash. 2019) (granting a motion to exclude an unrelated arrest warrant "except if the Court declares [the defendant] opened the door to such evidence").

[23] *Bland*, 908 F.2d at 473 (allowing the jury to be informed of an unrelated arrest warrant only to the point it was probative). Here the warrants, irrespective of against whom they were issued, are only relevant to explain APD's reason for contacting the vehicle.